EDWARD Y. KIM
Acting United States Attorney for the
Southern District of New York
By: DAVID E. FARBER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2772
Fax: (212) 637-2702
E-mail:  david.farber@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>KATZ'S DELICATESSEN OF HOUSTON ST., INC.,<br><br>                    Defendant. | **COMPLAINT**<br><br>24 Civ. 9720 |

Plaintiff the United States of America (the "United States"), by its attorney Edward Y. Kim, Acting United States Attorney for the Southern District of New York, alleges as follows:

1.  This is a civil action to redress discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 *et seq.* ("ADA"), and its implementing regulation, 28 C.F.R. Part 36.

2.  The defendant owns and/or operates Katz's Delicatessen, a restaurant located at 205 East Houston Street, New York, New York 10002 ("the Restaurant").

3.  On September 16, 2011, the United States Attorney's Office for the Southern District of New York announced an ADA compliance review of certain restaurants in this District pursuant to 42 U.S.C. § 12188(b)(1)(A)(i). As part of this compliance review, the United States Attorney's Office obtained a survey form concerning ADA compliance from the

Restaurant, and a Department of Justice ("DOJ") architect specializing in ADA compliance conducted on-site inspections of the Restaurant. Additional on-site inspections were undertaken by DOJ's architect in April 2018, September 2020, and April 2024.

4. As set forth more fully below, the United States Attorney's Office's investigation of the Restaurant revealed numerous violations of the ADA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345.

6. Venue lies in this District pursuant to 28 U.S.C. § 1391(b). The acts of discrimination alleged in this complaint occurred in this District, and the Restaurant that is the subject of this action is situated in this District.

## PARTIES

7. Plaintiff is the United States of America.

8. Defendant Katz's Delicatessen of Houston St., Inc. ("Katz's") is a New York corporation located at 205 East Houston Street, New York, New York 10002. Upon information and belief, Katz's owns and operates Katz's Delicatessen ("the Restaurant"), a restaurant located at 205 East Houston Street, New York, New York 10002. Katz's Delicatessen is a "place of public accommodation" within the meaning of Title III of the ADA because its operations affect commerce and, among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B); *see* 28 C.F.R. § 36.104.

**FACTUAL ALLEGATIONS**

**Katz's Delicatessen**

9. Katz's Delicatessen is a one-story restaurant. Katz's Delicatessen utilizes an uncommon method of payment at the restaurant; when patrons enter, they are handed a blank ticket, on which restaurant staff list the prices of the items ordered. Patrons pay for their meal as listed on the ticket, before exiting through a turnstile, which a patron must pass through to exit the building. A dining area is located on the same floor, as are restrooms.

10. Numerous architectural barriers at Katz's Delicatessen prevent or restrict access by individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A); 28 C.F.R. § 36.304. Katz's Delicatessen's services, features, elements, and spaces are not readily accessible to, or usable by, individuals with disabilities, as specified by the regulations promulgated under the ADA. *See* 2010 ADA Standards for Accessible Design (the "2010 Standards"). Title III prohibits the failure to remove architectural barriers at such facilities where such removal is readily achievable. 42 U.S.C. § 12182(a)(2)(A)(iv); 28 C.F.R. § 36.304. It also prohibits the failure to ensure that alterations to facilities are made in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2); 28 C.F.R. §§ 36.402, 36.403, 36.406(a).

11. Barriers to access that exist within Katz's Delicatessen include, but are not limited to, the following:

    a. The main entrance to Katz's Delicatessen is on the corner of East Houston Street and Ludlow Street. The distance between the sidewalk and the entrance is one inch: twice the maximum vertical change in level of one-half inch required by the

2010 standards, and the door maneuvering clearance is not level. *See* 2010 Standards §§ 206.2.1, 206.4.1, 303.4 and 404.2.5.

b. The external door of the main entrance to the Restaurant is a double-paneled door that swings outward towards the street. The opening width of a single door panel is 29½ inches, less than the required 32 inches. *See* 2010 Standards §§ 206.4, 206.5.1, 404.2.2 and 404.2.3.

c. The walking surface to the dining area is less than the required 36 inches as measured between the railing and the wall. *See* Standards §§ 206.2.4, 402.2, 227.5, 904.3.1, 403.5.

d. The cashier counter is taller than the 36 inches maximum above the finish floor. No accessible portion of the counter top is provided as required when the counter exceeds the 36 inch maximum height. *See* 2010 Standards §§ 227.3, 904.4, 904.4.1.

e. The dining area provides an insufficient number of accessible dining surfaces that conform with the requirements of: clear floor space, 30 inches minimum by 48 inches minimum permitting a forward approach; toe clearance extending 17 inches minimum under the surface; knee clearance at least 11 inches deep at 9 inches high and at least 8 inches deep at 27 inches high; tops of dining surfaces at least 28 inches and no more than 34 inches above the finish floor. There is an insufficient number of accessible dining surfaces in the dining area, in violation of the requirement that five percent of seating spaces be provided at accessible dining surfaces and dispersed throughout the dining area. *See* Title III Regulations § 36.302(a); 2010 Standards §§ 226.1, 226.2, 902.2, 902.3, 305, 306.

    f.   No tactile signage is provided identifying the men's or women's toilet room. *See* 2010 Standards §§ 216.2, 703.1, 703.2, 703.5. The entrance to the women's toilet room includes a 1 inch high threshold on the push side of the door and ½ inch high threshold on the pull side of the door with no bevel or slope. The threshold exceeds the ½ inch maximum for thresholds at doorways, and the requirement that changes in threshold level between ¼ inch high minimum and ½ inch high maximum be beveled. *See* 2010 Standards §§ 206.5.2, 404.2.5, 303.3. The maneuvering clearance perpendicular to the men's toilet room door is 39 inches, less than the required 60 inch minimum. *See* 2010 Standards §§ 206.5.2, 404.2.4.1. The force to open the door to the men's toilet room is 12 pounds, and 15 pounds for the women's toilet room, both exceeding the 5 pound maximum requirement. *See* 2010 Standards §§ 206.5.2, 404.2.9.

    g.   Within the men's and women's toilet room, the hand dryers protrude 6 inches into the walking path at a height of 45 inches above the floor, exceeding the 4 inches maximum protrusion for objects located between 27 inches and 80 inches above the floor. *See* 2010 Standards §§ 204.1, 307.2.

    h.   Within the designated accessible toilet of the men's toilet room, the side grab bar extends 52 ½ inches from the rear wall, less than the 54 inch minimum requirement. The top of the side grab bar is located 40 inches above the floor, exceeding the 36 inch maximum requirement. *See* 2010 Standards §§ 213.2, 213.3.1, 604.8.1.5, 604.5.1, 609, 609.4. No rear grab bar is provided. *See* 2010 Standards §§ 213.2, 213.3.1, 604.8.1.5, 604.5.2, 609.

    i. Within the designated accessible toilet compartment of the women's toilet room, the flush control is located on the wall side, rather than the open side, of the water closet. *See* 2010 Standards §§ 213.2, 213.3.2, 604.6. The side grab bar extends 50 inches from the wall, less than the required 54 inch minimum. *See* 2010 Standards §§ 213.2, 213.3.1, 604.8.1.5, 604.5.1, 609. The grab bar is located 37 inches above the floor as measured to the top of the bar, higher than the 36 inch maximum height; the space between the top of the grab bar and the diaper changing station is less than the 12 inch minimum requirement. *See* 2010 Standards §§ 213.2, 213.3.1, 604.8.1.5, 604.5, 609.3, 609.4.

    j. Within the designated accessible toilet compartment of the women's toilet room, the centerline of the toilet paper dispenser is located 17 inches in front of the water closet. In the men's toilet room, the centerline of the toilet paper dispenser is located 14 inches in front of the water closet. Both exceed the maximum 9 inch requirement for the location of the toilet paper dispenser. *See* 2010 Standards §§ 213.2, 213.3.2, 604.7. There is no clear space within the designated accessible toilet compartment in either toilet room at the diaper changing station and the toilet seat cover. *See* 2010 Standards §§ 205.1, 309.2, 305.3.

    k. In the lavatory areas of both the men's and women's toilet room the lavatory drain and water supply pipes are not insulated or configured to protect against contact. *See* 2010 Standards §§ 213.2, 213.3.4, 606.5. The mirror in both toilet rooms is 45 ½ inched above the floor, exceeding the maximum height requirement. *See* 2010 Standards §§ 213.2, 213.3.5, 603.3. In the men's toilet room the control for the paper towel dispenser is 58 inches above the floor, and the control is 51 inches

above the floor in the women's room. Both exceed the maximum high side reach of 48 inches above the floor. *See* 2010 Standards §§ 205.1, 309.3, 308.3.1.

12. It would be readily achievable for defendant Katz's Delicatessen to remove some or all of the barriers to access at the Restaurant.

13. Defendant has failed to remove some or all of the barriers to access at the Restaurant. Even if such removal were not readily achievable, Defendant could have undertaken, and still can undertake, readily achievable alternatives to barrier removal to make the goods, services and facilities offered at Katz's Delicatessen accessible to individuals with disabilities, including those who use wheelchairs. 42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. §§ 36.305 and 36.308.

14. By failing to remove the barriers to access and by failing to bring Katz's Delicatessen into compliance with the Standards where it is readily achievable to do so, Defendant has discriminated against individuals with disabilities in violation of sections 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and in violation of 28 C.F.R. § 36.304.

15. Defendant's failure to remove the barriers to access constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. § 12188(b)(1)(B)(i) and 28 C.F.R. § 503(a).

16. Defendant's failure to remove the barriers to access constitutes unlawful discrimination that raises an issue of general public importance within the meaning of 42 U.S.C. § 12188(b)(1)(B)(ii) and 28 C.F.R. § 36.503(b).

17. Moreover, upon information and belief, Defendant has altered areas of the Restaurant, including the men's and women's restrooms, since January 26, 1992. Such alterations must be readily accessible to persons with disabilities to the maximum extent feasible.

*See* 42 U.S.C. § 12183(a)(2). Notwithstanding the alterations undertaken by Defendant, the altered areas and paths of travel to those altered areas do not comply with the requirement that they be readily accessible.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter judgment:

A. Declaring that Defendant has violated Title III of the ADA and its implementing Regulations;

B. Ordering Defendant to remove all violations of Title III of the ADA at Katz's Delicatessen, including, but not limited to, the violations set forth above;

C. Assessing a civil penalty against Defendant in an amount authorized by 42 U.S.C. § 12188(b)(2)(C); 28 C.F.R. § 36.504(a)(3), to vindicate the public interest; and

D. Granting such other relief as the interests of justice may require.

Dated:  New York, New York        EDWARD Y. KIM
        December 17, 2024         Acting United States Attorney for the
                                  Southern District of New York

                        By: */s/ David E. Farber*
                            DAVID E. FARBER
                            Assistant United States Attorney
                            86 Chambers Street, 3rd Floor
                            New York, New York 10007
                            Tel.: (212) 637-2772
                            david.farber@usdoj.gov

                            *Counsel for the United States*